HOWARD KOLLITZ (State Bar No. 059611)
hkollitz@dgdk.com
WALTER K. OETZELL (State Bar No. 109769)
woetzell@dgdk.com
ZEV SHECHTMAN (State Bar No. 266280)
zshechtman@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone:   (310) 277-0077
Facsimile:   (310) 277-5735

Attorneys for Plaintiff, Richard K. Diamond, as
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CORONA CARE CONVALESCENT CORPORATION, ET AL.,<br><br>Debtors. | Case No. 2:13-bk-28497-RK<br><br>Substantively Consolidated with *In re Corona Care Retirement, Inc.* Case No.: 2:13-bk-28519-RK<br><br>Chapter 7 |
| RICHARD K. DIAMOND, AS TRUSTEE FOR THE CHAPTER 7 ESTATES OF CORONA CARE CONVALESCENT CORPORATION AND CORONA CARE RETIREMENT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL HEALTH SUPPLY, a business organization of unknown form, and DOES 1-25,<br><br>Defendants. | Adv. No.<br><br>**COMPLAINT:**<br>**(1) TO AVOID AND RECOVER FRAUDULENT OR AVOIDABLE TRANSFERS;**<br>**(2) FOR IMPOSITION OF CONSTRUCTIVE TRUST;**<br>**(3) FOR UNJUST ENRICHMENT;**<br>**(4) FOR TURNOVER; AND**<br>**(5) TO DISALLOW CLAIMS**<br><br>**Status Conference:**<br><br>Date:   SEE SUMMONS<br>Ctrm.:   Courtroom "1675"<br>           255 E. Temple Street<br>           Los Angeles, CA  90012 |

1321530.2  1328497A                                1

## JURISDICTION AND PROCEDURAL BACKGROUND

1. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (B), (E), (H) and (O), and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2. To the extent that the Court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims herein.

3. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. section 1409(a).

4. Richard K. Diamond (the "Plaintiff") is the duly qualified and acting trustee for the Chapter 7 bankruptcy estates (taken together and individually, the "Estate" or the "Corona Convalescent Case") of Corona Care Convalescent Corporation ("CCCC") and Corona Care Retirement, Inc. ("CCR", jointly and severally with CCCC, "the Debtors") in the bankruptcy cases herein currently pending in the Bankruptcy Court for the Central District of California under lead case no. 2:13-bk-28497-RK and entitled *In re Corona Care Convalescent Corporation* and *In re Corona Care Retirement, Inc.* Plaintiff brings this suit solely in his capacity as the Chapter 7 Trustee.

5. The *In re Corona Care Convalescent Corporation* and the *In re Corona Care Retirement, Inc.* bankruptcy cases were commenced by the respective Debtors filing a voluntary Chapter 11 petition on July 22, 2013 (the "Petition Date") as case nos. 2:13-bk-28497-RK and 2:13-bk-28519-RK.

6. The *In re Corona Care Convalescent Corporation* and the *In re Corona Care Retirement, Inc.* Bankruptcy Cases were converted to Chapter 7 cases by Order entered September 10, 2015 as docket no. 387, effective, nunc pro tunc, on May 1, 2015 (the "Conversion Date").

7. The *In re Corona Care Convalescent Corporation* and the *In re Corona Care Retirement, Inc.* Bankruptcy Cases were substantively consolidated by Order entered December 3, 2015 as docket no. 444.

## PARTIES

8. Plaintiff, Richard K. Diamond ("the Plaintiff" or "the Trustee"), is the duly qualified and acting Chapter 7 Trustee herein and brings this suit solely in his capacity as the Chapter 7 Trustee.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Vital Health Supply is a business organization of form unknown doing business in the State of California.

10. The true names and/or capacities, whether individual, corporate, associate or otherwise, that Plaintiff designated as Does 1 to 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Defendant Vital Health Supply and Does 1 to 25, are referred to collectively herein as "Defendants." Plaintiff will seek leave to amend this complaint when the true names and/or capacities of said Defendants have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of Defendants designated herein by such fictitious names is responsible in some manner for the occurrences alleged in this Complaint, and are legally obligated to Plaintiff for the reasons stated herein.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all times material herein, were the agents, employees, servants, co-venturers and/or legal representatives of each of the other Defendants, and that in doing the things herein alleged, Defendants, and each of them, acted within the course and scope of said relationships and with the knowledge, permission, consent, ratification and/or adoption of the other Defendants, and each of them.

## GENERAL ALLEGATIONS

12. Plaintiff is informed and believes and, based thereon, alleges that the Debtors made that certain transfer or those certain transfers to the Defendants totaling no less than $44,320.68 including, but not limited to, those transfers on the following dates in the following amounts (jointly and severally, the "Subject Transfers"):

| Date of Subject Transfer(s) | Debtor | Reference No. | Amount of Subject Transfer(s) |
|---|---|---|---|
| 01/11/10 | CCCC | 3470 | $3,250.00 |
| 02/01/10 | CCCC | 3550 | $1,650.00 |
| 02/23/10 | CCCC | 3599 | $1,800.00 |
| 03/12/10 | CCCC | 3712 | $1,500.00 |
| 07/08/10 | CCCC | 50189 | $3,850.00 |
| 07/20/10 | CCCC | 50318 | $3,725.00 |
| 08/23/10 | CCCC | 50398 | $3,200.00 |
| 08/27/10 | CCCC | 50481 | $3,200.00 |
| 09/24/10 | CCCC | 50538 | $3,345.68 |
| 11/01/10 | CCCC | 50730 | $3,700.00 |
| 11/26/10 | CCCC | 50841 | $3,800.00 |
| 12/31/10 | CCCC | 50950 | $3,700.00 |
| 01/24/11 | CCCC | 51102 | $3,750.00 |
| 02/24/11 | CCCC | 51100 | $3,850.00 |
| **Total** |  |  | **$44,320.68** |

13.   Plaintiff is informed and believes, and thereon alleges that, at all times material herein, at the times the Subject Transfers were made, Debtors were insolvent.

14.   Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers were made without Debtors receiving fair consideration or reasonably equivalent value in exchange.

15.   Plaintiff is informed and believes, and thereon alleges, that there are one or more creditors of the Debtors holding unsecured claims allowable under 11 U.S.C. section 502 or not allowable only under 11 U.S.C. section 502(e), that could have avoided the transfers herein under applicable law.

## FIRST CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent or Avoidable Transfers)

### (Against Defendant and Does 1-25, Inclusive)

16.   Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

1321530.2  1328497A                                          4

17. Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers were made by the Debtors with the actual intent to hinder, delay, or defraud one or more of their creditors.

18. Pursuant to 11 U.S.C. section 544, 548(a)(1)(A), 550, and other applicable law, including, without limitation, California Civil Code section 3439.04(a)(1) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendants the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

**(Against Defendant and Does 1-25, Inclusive)**

19. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

20. Plaintiff is informed and believes, and thereon alleges, that Debtors made the Subject Transfers, and each of them, without receiving fair consideration or reasonably equivalent value in exchange.

21. Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers occurred at a time when the Debtors were insolvent or as a result of which the Debtors became insolvent.

22. Pursuant to 11 U.S.C. section 544, 548(a)(1)(B)(i)(I), 550, and other applicable law, including, without limitation, California Civil Code section 3439.05 and 3439.07, Plaintiff is entitled to avoid the Subject Transfers, and each of them, and to recover from Defendants the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## THIRD CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

**(Against Defendant and Does 1-25, Inclusive)**

23. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

24. Plaintiff is informed and believes, and thereon alleges, that Debtors made the Subject Transfers without receiving fair consideration or reasonably equivalent value in exchange.

25. Plaintiff is informed and believes, and thereon alleges, that when the Debtors made the Subject Transfers, Debtors were engaged in, or were about to engage in, business or a transaction, for which any property remaining with the Debtors was unreasonably small.

26. Pursuant to 11 U.S.C. section 544, 548(a)(1)(B)(i)(II), 550, and other applicable law, including, without limitation, California Civil Code section 3439.04(a)(2)(A) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendants the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

**(Against Defendant and Does 1-25, Inclusive)**

27. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

28. Plaintiff is informed and believes, and thereon alleges, that Debtors made the Subject Transfers without receiving fair consideration or reasonably equivalent value in exchange.

29. Plaintiff is informed and believes, and thereon alleges, that when the Debtors made the Subject Transfers they had already incurred, or believed or reasonably should have believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

30. Pursuant to 11 U.S.C. section 544, 548(a)(1)(B)(i)(III), 550, and other applicable law, including, without limitation, California Civil Code section 3439.04(a)(2)(B) and 3439.07,

1 | Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendants the property
2 | transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal
3 | rate, in a sum according to proof.

### FIFTH CLAIM FOR RELIEF

**(For Imposition of Constructive Trust)**

**(Against Defendant, and Does 1-25, Inclusive)**

31. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

32. Plaintiff is informed and believes, and thereon alleges that, at all times herein, there existed property or interests in property, without limitation, described above as the Subject Transfers which Plaintiff is entitled to own and administer and use for the benefit of Debtors' creditors.

33. Plaintiff is informed and believes, and thereon alleges that Defendants acquired said property or interest in property by fraud or avoidable transfer, including without limitation, intentional constructive and fraudulent or otherwise avoidable transfers.

34. Plaintiff is informed and believes, and thereon alleges that Defendants hold or purport to hold legal title, if any, to property involved in the Subject Transfers subject to the Debtors' superior equitable title.

35. To the extent that Defendants, or any of them, holds said title, it is as a constructive trustee for the benefit of the Trustee and the Estate of the Debtors.

### SIXTH CLAIM FOR RELIEF

**(For Unjust Enrichment)**

**(Against Defendant, and Does 1-25, Inclusive)**

36. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

37. As a result of the Subject Transfers, Defendants received a benefit and unjustly retained that benefit at the expense of Debtors, unsecured creditors, in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

**(For Turnover)**

**(Against Defendant and Does 1-25, Inclusive)**

38. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

39. Plaintiff's interest in the Subject Transfers is property of the Estate of the Debtors that may be used by Plaintiff.

40. Plaintiff is entitled to a turnover from each of the recipients of the Subject Transfers of the amounts each recipient received.

### EIGHT CLAIM FOR RELIEF

**(For Disallowance of Claim Under Sections 11 U.S.C. Section 502(d))**

**(Against Defendant and Does 1-25, Inclusive)**

41. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

42. To the extent Defendants hold any unsecured and/or administrative claims (jointly and severally, "Defendants' Claims") against the Debtors' Bankruptcy Estate, Defendants' Claims should be disallowed, pursuant to 11 U.S.C. section 502(d), to the extent the claim(s) is recoverable under section 550, or that the Defendants are a transferee under 11 U.S.C. sections 544, 547, 548 or 549, unless the Defendants have paid the amount for which they are liable under 11 U.S.C. section 550 or any other applicable law.

WHEREFORE, Plaintiff prays that judgment be entered as follows:

**ON THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF:**

1. That the Subject Transfers be avoided;

2. That the Subject Transfers or the respective value thereof be recovered from each of the recipients of the transfer for the benefit of this estate; and,

3. For interest thereon from the respective date of receipt of each of the Subject Transfers.

**ON THE FIFTH CLAIM FOR RELIEF:**

4. For a declaration that Defendants hold title to the property which is the subject of the Subject Transfers as trustee of a constructive trust for the benefit of the Trustee and the Debtors' Estate; and

5. For an order compelling Defendants to convey the property which is the subject of the Subject Transfers to Plaintiff or to pay Plaintiff the proceeds of the sale of the property which is the subject of the Subject Transfers.

**ON THE SIXTH CLAIM FOR RELIEF:**

6. For damages in a sum to be proved at trial; and

7. For interest thereon from the date of each of the Subject Transfers.

**ON THE SEVENTH CLAIM FOR RELIEF:**

8. For a turnover of the property transferred in the Subject Transfers or a money judgment in the sum of not less than the value received by each recipient of the Subject Transfers; and

9. For an order compelling Defendants to convey the property which is the subject of the Subject Transfers to Plaintiff or to pay Plaintiff the proceeds of the sale of the property which is the subject of the Subject Transfers.

1321530.2  1328497A                                    9

**ON THE EIGHTH CLAIM FOR RELIEF:**

10. For an Order of the Court disallowing all of the Defendants' claims against the Debtors' Bankruptcy Estate, unless the Defendants have paid the amount for which Defendants are liable under 11 U.S.C. section 550 or applicable law.

**ON ALL CLAIMS FOR RELIEF:**

11. For costs of suit incurred herein;

12. For interest according to law; and,

13. For all other and further relief as the Court deems just and proper.

DATED: March \_\_, 2016        DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
HOWARD KOLLITZ
WALTER K. OETZELL
ZEV SHECHTMAN
Attorneys for Plaintiff, Richard K. Diamond, as
Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** RICHARD K. DIAMOND, AS TRUSTEE FOR THE CHAPTER 7 ESTATES OF CORONA CARE CONVALESCENT CORPORATION AND CORONA CARE RETIREMENT, INC., | **DEFENDANTS** VITAL HEALTH SUPPLY |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WALTER K. OETZELL (State Bar No. 109769)  woetzell@dgdk.com<br>ZEV SHECHTMAN (State Bar No. 266280)  zshechtman@dgdk.com<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, California 90067-4402<br>Telephone:(310) 277-0077  Facsimile:(310) 277-5735 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT:(1) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS;(2) TO AVOID AND RECOVER FRAUDULENT OR AVOIDABLE TRANSFERS; (3) FOR IMPOSITION OF CONSTRUCTIVE TRUST; (4) FOR UNJUST ENRICHMENT;(5) FOR TURNOVER; AND (6) TO DISALLOW CLAIMS

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[3] 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[4] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 44,320.68 |

Other Relief Sought

B1040

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>CORONA CARE CONVALESCENT CORPORATION, ET AL., | BANKRUPTCY CASE NO.<br>Case No. 2:13-bk-28497-RK |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>Robert N. Kwan |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *[signature]* |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| March 2, 2016 | WALTER K. OETZELL |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.